*M. B. Eubanks,* for plaintiff in error.

*Nathan Harris, L. H. Covington,* contra.

---

### 10445.   WESTERN AND ATLANTIC RAILROAD COMPANY v. WHITE PROVISION COMPANY.

The judge in his charge to the jury having expressed or intimated his opinion on what had or had not been proved as to material facts in issue, the provisions of § 4863 of the Code of 1910 require that a new trial be granted.

DECIDED DECEMBER 10, 1919.

Action for damages; from Fulton superior court—Judge Bell, February 7, 1919.

*Tye, Peeples & Tye,* for plaintiff in error.

*Brewster, Howell & Heyman,* contra.

BLOODWORTH, J.   The White Provision Company brought suit against the Western and Atlantic Railroad Company for damages,

alleging in part that they were engaged in buying, slaughtering, and selling cattle, hogs, etc.; that their plant was in Fulton County, Georgia; that a carload of hogs was shipped them from Kelso, Tennessee; that the shipper applied to the railroad at Kelso for a car 36 feet long in which to ship said hogs; that a car of that length was large enough for the shipment; that the railroad, as it had a right to do for its own convenience, furnished a car 38 feet long; that the freight from Kelso to Atlanta on a 36-foot car was $53.50, and on a 38-foot car was five per cent. ($2.65) more; that the railroad at Kelso accepted $53.50, the amount of freight on a 36-foot car as ordered, but that when the car of hogs arrived in Atlanta the railroad demanded the additional amount of $2.65, the same being the freight on a 38-foot car, before the delivery of the hogs; that petitioner refused to pay this additional sum at first, but finally paid it under protest; that because of the delay in delivering the hogs the petitioner was damaged, etc. The railroad company denied liability, and insisted that the shipment required the 38-foot car, which "was loaded with hogs to its full visible capacity, and defendant did insist upon the payment by plaintiff of the sum of $2.65 additional freight charges on said carload of hogs. Said car was a 38-foot car loaded to its full visible capacity, and the rate of freight insisted upon by defendant was the rate provided by the tariff schedule of file and in force governing such shipment under the provisions of the act of the Congress of the United States of February 4, 1887, and amendments thereto, known as the act of [to?] regulate commerce, and this defendant was under the legal duty to collect such freight charges." The trial resulted in a verdict for the plaintiff, and the defendant excepted. One ground of the motion for new trial alleges that the court erred in charging the jury as follows: "I further charge you that the fact that the plaintiff subsequently complied with such claim of the defendant and paid said charges under protest would not authorize you to reduce the damages that had, up to said time, resulted from the illegal act of the defendant, and that you cannot consider that if the plaintiff had sooner acquiesced in such illegal demand the damages resulting from such illegal conduct on the part of the defendant would have been lessened." Plaintiff in error insists that this charge was error "in that the same characterized the act of defendant as 'illegal,' and the demand made by defendant as 'illegal,' and amounted to

and was, as given to the jury, an expression of opinion by the court as to questions of fact." The real issue in the case is as to whether or not the railroad was right in demanding the additional $2.65 freight. We agree with plaintiff in error that the part of the charge quoted above is "an expression of opinion by the court as to questions of fact." and is clearly violated of § 4863 of the Civil Code of 1910. This being true, the decision must be reversed and a new trial granted.

If other errors were committed in the trial of the case, they are of such nature as are not likely to recur on another trial, and it is unnecessary to consider the other allegations of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*